

**LIBBY v. UNITED STATES.**

No. 100–52.

United States Court of Claims.

Nov. 4, 1952.

A. D. T. Libby, pro se.

Harry H. Davidson, White Plains, N. Y., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

PER CURIAM.

Plaintiff, an attorney at law, sues the United States for his attorney's fees in the amount of $299.00. The fee requested is. for services rendered one Charles H. Wilen and Alexandre Kramarenko in securing for them two patents, and for services rendered them in securing a return to them of these patents from the Alien Property Custodian, who had seized them under the Trading with the Enemy Act, 50 U.S.C.A. Appendix, § 1 et seq.

Plainly, the services rendered were not rendered the United States, but were rendered plaintiff's clients, Wilen and Kramarenko and, hence, plaintiff has no claim against the United States.

The paragraph in the "Termination Paper" issued by the Alien Property Custodian, on which plaintiff relies, does not create a claim against the United States. This reads, according to plaintiff's petition:

"The claimant's attorney has requested a fee of $300 for his services in connection with the prosecution of this claim for the return of interests in patents valued in excess of $3,000. Taking into consideration the factors bearing on reasonable compensation, it is determined that the proposed fee is reasonable and is not in excess of 10 percent of the value of the property to be returned."

This is not an assumption of liability for this fee by the United States. This state-

ment was made in view of the provisions of the Trading with the Enemy Act, as amended, 50 U.S.C. Appendix, § 20. This section requires that no property shall be returned to a claimant until the claimant has filed "a schedule of the fees to be paid to all agents, attorneys at law or in fact, or representatives, for services in connection with such return or payment or judgment," and it requires the approval by the Alien Property Custodian of any fee to be paid to an attorney, etc., by the claimant.

Plaintiff has no cause of action, and his petition is dismissed.